UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIDGETTE MCCAIN** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO:** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **WINN-DIXIE MONTGOMERY, LLC** | * | |
| | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE ( )** |
| | * | |

*******************************************

### NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, **WINN-DIXIE MONTGOMERY, LLC,** which represent as follows:

### Background Information

1. Winn-Dixie Montgomery, LLC., was named as a defendant in the proceeding entitled, "Bridgette McCain versus Winn-Dixie Montgomery, LLC", Action No. 2015-0231, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, which was filed on March 4, 2015. Winn-Dixie Montogmery was served with that Petition on March 17, 2015. (Petition for Damages, Exhibit A.)

2. On or about April 2, 2015, plaintiff filed her First Supplemental and Amending Petition for

Damages naming Brad Michael Warren; Bradley Bergez Warren and Bradley Charles Warren, in the alternative, in his capacity as store manager of Winn-Dixie Montgomery, LLC, under a theory of *respondeat superior*. (First Supplemental and Amending Petition for Damages, Exhibit B.)

3. On April 9, 2015, plaintiff filed her Second Supplemental and Amending Petition for Damages which appears to correct a paragraph numbering mistake found in the First Supplemental and Amending Petition for Damages. (Second Supplemental and Amending Petition for Damages, Exhibit C.)

4. On August 11, 2015, Winn-Dixie Montgomery and Brad Warren filed their Answer, Affirmative Defenses and Request for Trial by Jury. (Answer, Affirmative Defenses, Requests for Trial by Jury, Exhibit D.)

**Amount in Controversy**

5. Silent in the Petition for Damages, First Supplemental and Amending Petition for Damages and the Second Supplemental and Amending Petition for Damages is a statement whether or not the amount in controversy exceeds or is less than the amounts required for a trial by jury or for federal diversity jurisdiction.

6. On April 17, 2015, Winn-Dixie Montgomery, LLC directed Requests for Admission to the plaintiff asking that she admit that the amount in controversy, exclusive of costs and interest, exceeds: 1) $50,000.00; and 2) $75,000.00, respectively. (Requests for Admissions, Exhibit E.)

7. On May 1, 2015, plaintiff, in response to defendant's request for admissions, simply objected stating that the extent of plaintiff injuries have yet to be determined. (Response to RFAs 5-

1-16, Exhibit F.)

8. On May 14, 2015, Winn-Dixie Montgomery filed an Exception of Non-Conformity with the Requirements of LA. C.C.P art. 891 for failure to state whether or not the amount in controversy exceeds the amount necessary for a trial by jury or for federal diversity jurisdiction. (Exception of Non-Conformity, Exhibit G.)

9. Prior to the hearing on the Exception and in order to deem the Exception moot, plaintiff agreed to amend her responses to the Requests for Admissions and admitted that her claim exceeded $50,000.00. However, she denied that her claim exceeded $75,000.00, at that time. (Supplemental and Amended Response to Request for Admission, Exhibit H.)

10. On August 11, 2015, defendants, Winn-Dixie Montgomer, LLC and Brad Warren propounded written discovery to Bridgette McCain. (Interrogatories and Requests for Production fo Documents, Exhibit I.)

11. Plaintiff provided responses to that written discovery dated February 17, 2016 which were received by defendants on February 22, 2016. (Responses to Winn-Dixie Discovery, Exhibit J).

12. Attached to her discovery responses, plaintiff produced some limited medical records which revealed the following damages, alleged to be caused by this incident:

    A. Annular cervical bulges at C4-5, C5-6 and C6-7 with mild ventral contact upon the thecal sac;

    B. Exacerbation of preexisting Lumbar disc herniations at L1-2; L2-3; L3-4; L4-5 and exacerbation of preexisting disc bulge at L5-S1, and an increase of the size of the herniation located at L4-5.

      C.      Ulnar collateral ligament sprain and possible flexor carpi ulnaris injury to her left wrist; and

      D.      Left hip contusion;

13.    The limited medical records produced therein show treatment with and amounts incurred from the following facilities:

      A.      Total Health Clinic between 9/3/14 and 9/3/15; ($4,309.00);

      B.      Audubon Orthopedics and Sports Medicine on October 6, 2014; (unknown);

      C.      Southern Brain & Spine on October 28, 2015; (unknown);

      D.      Elmwood MRI on January 19, 2015; ($425.00); and

      E.      D.I.S. Women & Advanced Imaging on January 27, 2016; ($1,650.00).

14.    From the medical records provided, plaintiff is currently treating at Southern Brain & Spine for her injuries related to this incident.

15.    Based upon the medical records received by defendants on February 22, 2016, it is believed that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

16.    It is noted that the use of extrinsic evidence to determine the relevant amount in controversy is proper when the petition is unclear to the amount of damages sought. *See Allen v. R&H Oil & Gas Co.,* 63 F. 3d 1326, 1336 (5th Cir. 1995).

### Diversity of Citizenship

17.    Plaintiff is alleged to be a citizen of the State of Louisiana.

18.    Winn-Dixie Montgomery is a foreign corporation whose sole member being Winn-Dixie Stores, Inc., which is a citizen of the State of Florida. The principal place of business at the time the action was commenced, and still is located in Jacksonville, Florida and not in the

State of Louisiana.

19. Therefore, there is complete diversity between Bridgette McCain and Winn-Dixie Montgomery, LLC.

## Fraudulent Joinder of Brad Warren

20. Brad Warren was named by plaintiff for the first time in plaintiff's First Supplemental and Amending Petition for Damages in his capacity as general manager of the Winn-Dixie store in which this incident was located, under a theory of *respondeat superior*.

21. Plaintiff has not alleged that Brad Warren either caused the condition or had personal knowledge of the condition upon which the plaintiff alleged to have been injured and therefore cannot maintain any claim or cause of action for personal liability against Brad Warren.

22. Defendant asserts and alleges that Brad Warren is fraudulently joined and thus his citizenship must be disregarded for jurisdictional purposes. *See Henry v. O'Charleys, Inc.*, 861 F. Supp.2d 767 (W.D. La. 1/30/12).

## Removal Is Timely Filed

23. The removal has been timely filed within thirty (30) days of the removing defendant receiving notice that the amount in controversy exceeds this Court's jurisdiction threshold (February 17, 2016) and within one (1) year after the commencement of the action (March 3, 2015), as allowed by 28 U.S.C. §1446(b).

## Conclusions and Prayer for Relief

24. Because there exists total diversity of citizenship between plaintiff and defendants and the amount in good faith controversy herein exceeds $75,000.00, exclusive of interest and costs,

this Court accordingly has original jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §1332.

25. This matter has been properly removed to this court pursuant to 28 U.S.C §§ 1441 and 1446.

26. Winn-Dixie Montgomery, LLC further avers that it shall give written notice of this filing to the original plaintiff and shall file a copy of this Notice of Removal with the Clerk of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana , making same referable to proceeding No. 2015-0231, in furtherance of the prayer herein that no further proceedings shall occur in state Court and that this matter shall henceforth proceed forward only in this Honorable Court.

27. Under Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that they have read the foregoing Notice of Removal, that to the best of their knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not intended for any improper purpose.

       Respectfully submitted,

       **BERNARD, CASSISA, ELLIOTT & DAVIS**
       A Professional Law Corporation

       BY:   */s/ David M. McDonald*
            STEVEN N. ELLIOTT (#5326)
            **DAVID M. MCDONALD (#30625)**
            3838 N. Causeway Blvd; Suite 3050
            Metairie, LA 70002
            Telephone: (504) 834-2612
            Facsimile: (504) 838-9438
            Email: mcdonaldd@bcedlaw.com
            **Attorney for Winn-Dixie Montgomery, LLC.**

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the all non-CM/ECF participants, on February 23, 2016.

       */s/ David M. McDonald*
    DAVID M. MCDONALD