```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**BRIDGETTE MCCAIN**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO. 16-1546**

**WINN-DIXIE MONTGOMERY, LLC**                                **SECTION "B"(2)**

## ORDER AND REASONS

Before the Court is Plaintiff Brigette McCain's (hereinafter "McCain" or "Plaintiff") Motion to Remand. Rec. Doc. 8. Defendant Winn-Dixie Montgomery, LLC (hereinafter "Winn-Dixie" or "Defendant") timely filed an opposition memorandum. Rec. Doc. 13. For the reasons outlined below,

**IT IS ORDERED** that the motion is **GRANTED**.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a slip and fall at a Winn-Dixie store in Chalmette, Louisiana. Rec. Doc. 1-2 at 3. On March 4, 2015, McCain filed suit against Winn-Dixie in the 34th Judicial District Court for the Parish of St. Bernard. *Id.* at 3. In her petition, plaintiff alleges that she slipped in a large puddle of water and fell onto the floor while walking around the corner to shop on Aisle 6 of the Winn-Dixie grocery store. *Id.* at 3. As a result of Winn-Dixie's alleged negligence, McCain claims to have suffered severe and disabling injuries. *Id.* at 4. Her petition does not request a specific amount of damages but seeks damages for physical impairment as well as past, present, and future: medical expenses,

1

physical pain and suffering, mental and emotional anguish, disability, loss of enjoyment of life, and lost wages. *Id*. at 4. McCain then filed a supplemental and amended petition, which named Brad Warren, a store manager, as an additional defendant. Rec. Doc. 1-3 at 2-3. The amended complaint alleges that Warren's negligence contributed to Plaintiff's injuries as well. *Id*. at 5.

On February 23, 2016, Winn-Dixie filed a notice of removal in this Court on the grounds of diversity jurisdiction. Winn-Dixie's Notice of Removal claims that diversity of citizenship exists because it is a citizen of Florida while Plaintiff is a citizen of Louisiana. Rec. Doc. 1 at 5. Though Warren is also a citizen of Louisiana, Winn-Dixie contends that he was fraudulently joined by Plaintiff, meaning the Court should disregard his citizenship for diversity purposes. *Id*. Finally, Winn-Dixie argues that the discovery responses submitted by Plaintiff on February 22, 2016 indicate that the amount in controversy exceeds $75,000, and that removal is timely because it was filed within thirty (30) days of Defendant receiving notice that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 3-5. McCain now challenges the propriety of removal, seeking remand back to the 34th JDC.

II.  **THE PARTIES' CONTENTIONS**

Plaintiff argues for remand on three primary grounds. First, Plaintiff maintains that removal is untimely because it was filed over thirty days after the initial pleadings. Rec. Doc. 8 at 1.

2

Second, McCain claims that Warren is a properly joined defendant in the matter and thus there is not complete diversity. *Id*. Finally, she contends that Winn-Dixie has failed to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id*. For any and all of the above reasons, Plaintiff urges the Court to remand this matter.

In opposition, Winn-Dixie claims that its removal was timely because it was filed within one year of the original petition and within thirty days of the "other paper" giving notice of removability. Rec. Doc. 13 at 2. Defendant also reinforces its argument for fraudulent joinder by arguing that McCain has not pled a valid cause of action against Warren. Rec. Doc. 13 at 2-4. Finally, Winn-Dixie contends that the amount in controversy is met because the alleged injuries compare closely to two other Louisiana cases where the trial courts awarded $265,000 and $90,000 in general damages. Rec. Doc. 13 at 4. For those reasons, Winn-Dixie asks this Court to deny the motion to remand.

### III. LAW AND ANALYSIS

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441. The removing party bears the burden of proving the existence of federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The United

States Court of Appeals for the Fifth Circuit has repeatedly instructed that any ambiguities should be construed against removal and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Winn-Dixie's Notice of Removal claims that this matter falls under the Court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

### a. The timeliness of removal

Removal procedure is governed by 28 U.S.C. § 1446. Section 1446(b) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, it is well-established that "for the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading *only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount* of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added). *See also Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013). Thus, if the initial pleading does not affirmatively reveal that the amount in controversy requirement is met, the defendant

4

is not required to file for removal within thirty days of receiving that pleading. If the initial pleading is indeterminate as to removability or indicates that the case is not removable, section 1446(b)(3) provides that a notice of removal then must be filed within thirty days after the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *Chapman*, 969 F.2d Finally, a defendant may not remove a diversity case under 1446(b)(3) more than one year after commencement of the action. 28 U.S.C. § 1446(c)(1).

Here, Plaintiff argues that the "general rule" concerning removal is that defendants have thirty days from receiving the pleading to file for removal but that § 1446 provides an exception allowing a defendant another thirty days to file if he or she receives additional information indicating the case is removable. Rec. Doc. 8-1 at 4. Plaintiff is mistaken on the applicable procedure. There is no all-encompassing thirty-day rule as Plaintiff understands it. The thirty-day rule contained within the first paragraph of § 1446(b) only applies if the original petition reveals on its face that the district court has original jurisdiction. Winn-Dixie argues without opposition that the original petition and the amended pleadings were indeterminate as to whether the amount in controversy threshold is met. Rec. Doc.1

5

at 2. Thus, the thirty-day rule found in § 1446(b)(1) does not apply. Plaintiff's claim that removal was untimely because it came thirty days after the initial pleadings therefore lacks merit. Winn-Dixie filed for removal within one year of commencing the action and within thirty days of receiving Plaintiff's discovery responses that allegedly indicate the jurisdictional threshold is met. *See* Rec. Doc. 1 at 2-5. Consequently, Winn-Dixie's notice of removal was timely. *See Chapman*, 969 F.2d at 165.

### b. The amount in controversy

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions between citizens of different states so long as the amount in controversy exceeds the sum or value of $75,000. "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (internal citations omitted). A defendant may prove this in one of two ways: (1) show that it is facially apparent from the pleadings that the plaintiff's claims are for more than $75,000; or (2) set forth "facts in controversy that support a finding of the requisite amount." *Id.* at 882-83. Removal cannot be based on conclusory allegations. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th

Cir. 1995). Finally, the facts supporting removal must be judged at the time of removal.

In this case, the Plaintiff's petition alleges severe and disabling injuries and seeks damages for a range of expenses and generalized injuries. However, the petition does not allege any specific injuries or state whether the damages sought exceed $75,000, making it unclear from the face of the petition whether the threshold is met. Accordingly, Winn-Dixie's notice of removal relies on Plaintiff's discovery responses as support for its claim that more than $75,000 is in controversy. In those responses, plaintiff provided limited medical records that revealed the following physical injuries:

- A. Annular cervical bulges at C4-5, C5-6, and C6-7 with mild ventral contact upon the thecal sac;

- B. Exacerbation of preexisting Lumbar disc herniations at L1-2; L2-3; L3-4; L4-5 and exacerbation of preexisting disc bulge at L5-S1, and an increase of the size of the herniation located at L4-5;

- C. Ulnar collateral ligament sprain and possible flexor capri ulnaris injury to her left wrist; and

- D. Left hip contusion.

Rec. Doc. 1 at 3-4. The records also show treatment from five different facilities. Rec. Doc. 1 at 4. At the time of removal, those treatments have produced only $6,384.00 in known medical bills. Rec. Doc. 1 at 4. Winn-Dixie has not produced any evidence

7

that Plaintiff's injuries will require further treatment or surgeries. Instead, Winn-Dixie's opposition simply cites to two Louisiana appellate court cases to show by analogy that the amount in controversy exceeds $75,000.

Winn-Dixie maintains that the damage awards in *Derouche v. Latour*, 2010-1758 (La. App. 4 Cir. 5/18/11); 71 So. 3d 959, and *Pannell v. Encompass Insurance Company*, 2006-1601 (La. App. 3 Cir. 5/2/07); 956 So. 2d 152, prove that the amount in controversy is over $75,000 because the plaintiffs in those cases had less severe injuries than McCain and received damages awards over $75,000. Rec. Doc. 13 at 4-5. However, Winn-Dixie's argument is misleading. In *Deroche*, the named plaintiff had pre-existing herniated and bulging disc injuries similar to McCain's back injuries. 71 So. 3d at 960. Yet, after the accident at issue in the case, she also experienced locking in her back, inability to move her legs due to pain, tingling in her right arm, a pulling sensation in the fingers of her right hand, constant discomfort no matter her physical position, headaches, cervical pain, numbness in both hands, lumbar pain radiating into both legs, burning in her hips, knee pain, and numbness, tingling, and cramping of the feet among other ailments. *Id*. In *Pannell*, in addition to the herniated L4-L5 relied upon by Winn-Dixie, the plaintiff also suffered from a shoulder injury, neck injury, and headaches in addition to the back injury. Winn-Dixie has produced no evidence that McCain suffers from any type

of specific pain related or unrelated to the bulging and herniated discs or other arm injuries. 956 So. 2d at 153-54. Accordingly, Winn-Dixie's characterization of McCain's injuries as more severe than those of the *Pannell* and *Deroche* plaintiffs is unsubstantiated. Moreover, the analogy to those cases is unsuitable due to the lack of specific facts available here.

Winn-Dixie argues in conclusory fashion that the type of injuries suffered by McCain and her $6,384 in medical bills show that more than $75,000 is in controversy. Defendant provides no evidence of specific types of pain and suffering experienced by McCain, no evidence of the need for future treatment or surgeries, and no evidence of how the injuries may affect Plaintiff moving forward in her life. Furthermore, this Court has repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum. *Anderson v. Great West Cas. Co.*, No. 09-7716, 2010 WL 420572, at *1 (E.D. La. Jan. 29, 2010) (citing numerous cases from this Court that find unoperated herniated discs insufficient to meet the $75,000 amount in controversy). As such, Winn-Dixie has failed to produce convincing evidence that the amount in controversy is over $75,000. *See Loftin v. Hughes*, No. 14-1608, 2014 WL 3893313, at *4 (E.D. La. Aug. 7, 2014) (remanding because defendants could only substantiate less than $7,000 in medical bills and thus could not satisfy the $75,000 threshold); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512, at *1 (E.D.

9

La. Mar. 16, 2011) (finding that $12,000 in medical expenses and a herniated disc injury were insufficient to meet the jurisdictional threshold). While it is certainly possible that McCain could receive more than $75,000 in damages, the evidence presented at this time by Winn-Dixie does not make such a result appear more likely than not. Considering that the removal statute is to be strictly construed and that any ambiguity should be interpreted in favor of remand, this Court finds that the $75,000 jurisdictional threshold is not met here. *See Manguno*, 276 F.3d at 723.

### IV. <u>CONCLUSION</u>

For the reasons outlined above, this Court finds that it lacks jurisdiction over the present matter. Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and the case **REMANDED** back to state court.

New Orleans, Louisiana, this 18th day of May, 2016.

UNITED STATES DISTRICT JUDGE

10